# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
*(Baltimore Division)*

| | | |
|---|---|---|
| IN RE: | * | |
| HOSEA ANDERSON | * | CASE NO. 08-13543 JFS |
| | * | CHAPTER 7 |
| Debtor(s) | | |
| * * * * * * * | | |
| MICHAEL G. RINN , TRUSTEE | * | |
| Plaintiff | * | |
| v. | * | |
| | | Adversary No. |
| DEUTSCHE BANK TRUST COMPANY AMERICAS | * | |
| | * | |
| and | | |
| | * | |
| | * | |
| JOHN S. BURSON<br>WILLAM M. SAVAGE<br>GREGORY N. BRITTO,<br>JASON MURPHY<br>KRISTINE D. BROWN<br>ERIK W. YODER<br>    Substitute Trustees | *<br><br>*<br><br>*<br><br>* | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT TO (A) AVOID LIEN  AND
## (B) FOR DECLARATORY JUDGMENT

1

MICHAEL G. RINN , Trustee for the Bankruptcy Estate of HOSEA ANDERSON by his undersigned Counsel, and as his Complaint to Avoid and Recover Lien, for Declaratory Judgment and for Other Relief (the "Complaint") and states:

## JURISDICTION & VENUE

1. This is a core proceeding within the meaning of Fed. R. Bankruptcy P. 7001 and 28 U.S.C. §157(b)(2).

2. This Court has jurisdiction over this matter under 28 U.S.C. §157(a), 28 U.S.C. §1334.

3. This is the proper forum in which to maintain this proceeding pursuant to 28 U.S.C. §1409.

## PARTIES

4. Hosea Anderson (the "Debtor ") filed a voluntary petition under chapter 13 on March 13, 2008, which such proceeding was converted to a proceeding under Chanter 7 on January 30, 2009 .

5. The Plaintiff is the duly appointed Chapter 7 Trustee for the Bankruptcy Estate of Hosea Anderson ("Estate").

6. Defendant DEUTSCHE BANK TRUST COMPANY AMERICAS (" Deutsche Bank") is a financial corporation existing under the laws of the United States and is asserted to be the current holder of the note related to the deed of trust described herein. Defendants John S. Burson, William M. Savage, Gregory N. Britto, Jason Murphy, Kristine D. Brown and Erik W. Yoder are the substitute trustees under the ("Deed of Trust" defined below) and are named as Defendants herein only in that capacity.

## ALLEGATIONS OF FACT

7. This case was commenced by the filing of a voluntary petition under, under chapter 13 on March 13, 2008, ( the "Petition Date") which such proceeding was converted to a proceeding under Chanter 7 on January 30, 2009 .

8. The Plaintiff was appointed as the interim Trustee pursuant to 11 U.S.C. §701 and became the permanent Trustee pursuant to the operation of 11 U.S.C. §702 (d).

9. On and prior to the Petition Date, the Debtor was a co-owner of the property and

improvements known as 6534 Frietchie Row, Columbia Maryland 21045 (the "Real Property") with an asserted value to the Debtors of not less than $ 294,000.

10. At all times immediately subsequent to the filing of the Petition herein, a portion of the Bankruptcy estate consisted of the Debtor's right, title and interest in and to the Real Property which such Real Property or the value and proceeds thereof was and continues to be property of the estate.

## COUNT ONE:
## AVOIDANCE OF
## DEFECTIVE DEED OF TRUST

11. Prior to the commencement of these proceedings, the Debtor  or about October 13, 2006, executed and delivered to Wilmington Finance, Inc. a deed of trust ( the "Deed of Trust') upon the Real Property in connection with a note dated October 13, 2006. ( the "Note").

12. That said Deed of Trust was recorded among the Land Records of Howard County, Maryland on or about June November 13, 2006 in Lib 10349 folio 429.

13. Defendant Deutsche Bank is asserted to be the current holder of the Note, related to the Deed of Trust described herein

14. Defendants John S. Burson, William M. Savage, Gregory N. Britto, Jason Murphy, Kristine D. Brown, Erik W. Yoder are the substitute trustees under the Deed of Trust.

15. The Deed of Trust to Defendants is defective and invalid as to the Plaintiff Trustee pursuant to RP 4-106 (a)[1] in that the Deed of Trust fails to contain a identifiable affiant to the the requisite Affidavit of Consideration and Disbursement .

16. That the Trustee pursuant to the provisions of 11 U.S.C.§544(a)(1) has the status of a judgment lien creditor.

17. That the Trustee pursuant to the provisions of 11 U.S.C.§544(a)(3) has the status of a bonafide purchaser who takes without knowledge and holds the power to avoid Defendants lien/Deed of Trust.

---

[1] RP 4-106(a) provides is pertinent part that:
: § 4-106. Affidavits of consideration and disbursement.- No mortgage or deed of trust is valid except as between the parties to it, unless there is contained in, endorsed on, or attached to it an oath or affirmation of the mortgagee or the party secured by a deed of trust that the consideration recited in the mortgage or deed of trust is true and bona fide as set forth.

18. The Defendants failed to perfect the recordation of its Deed of Trust pursuant to the provisions of the Annotated Code of Maryland Real Property Article, §4-106, et. seq. in that in the absence of a legally sufficient acknowledgments and affidavits, the Deed of Trust upon the Real Property is void and invalid as to the Trustee.

19. That said Deed of Trust is void and as to the Plaintiff/ Trustee pursuant to the provisions of 11 U.S.C.§ 544.

WHEREFORE, the Trustee Prays for the Relief as Set Forth below.

## COUNT TWO:
## DECLARATORY RELIEF

20  The Plaintiff/Trustee re-avers and incorporates by reference all of the allegations contained in Paragraphs 1 through 19 as fully set forth herein and further states:

21. That the defective Deed of Trust is avoidable by the Trustee in the exercise of the powers granted to the Trustee pursuant to 11 U.S.C. §544.

22. Therefore, the Trustee seeks a declaration that the Deed of Trust, and asserted secured interests of Defendants in and to the Real Property or the proceeds thereof be declared void as to the Trustee and the Bankruptcy Estate.

23. That the interest of the Trustee in and to the Real Property or the proceeds thereof be declared superior to the unperfected interest of Defendants.

WHEREFORE, the Trustee Prays for the Relief as Set Forth below.

WHEREFORE, the Trustee respectfully requests that the Court make such findings and enter such judgments as are appropriate, including, without limitation, alternatively or cumulatively, the following:

A. Adjudging and declaring that the Defendants do not have a perfected security interest in the Real Property known as 6534 Frietchie Row, Columbia Maryland 21045 .

B. Adjudging and Declaring that the claims of Defendants are unsecured claims.

C. Adjudging and Declaring that the claims of Defendants are subordinate to the claims and status of the Trustee pursuant to 11 U.S.C. §544.

D. Avoiding the security of the Deed of Trust and the lien granted in the Deed of Trust in and against the Real Property, for the benefit of the estate  pursuant to 11 U.S.C. § 544 and § 551.

Complaint 1st DOT.wpd

4

E.	Enter judgment in favor of the Trustee and against the Defendants

F.	Grant such other and further relief as is just and proper.

>	*/s/ Michael G. Rinn, Esq*
>	Michael G. Rinn, Esquire
>	Federal Bar No. 01310
>	111 Warren Road, Suite 4
>	Cockeysville, Maryland 21030
>	(410) 683-1040
>	Rinnoffice@rinn-law.com
>	Counsel to Trustee